[No. 2133. Decided June 9, 1896.]

JAMES FARES, *Respondent*, v. JAMES P. GLEASON, *Appellant*.

APPEAL — NECESSITY FOR FINDINGS OF FACT AND EXCEPTIONS — PLEADING — REMEDY FOR INDEFINITENESS — RESCISSION — COSTS.

An appeal will not be dismissed on the ground that appellant's brief does not contain the findings of fact and exceptions taken thereto, when the decree of the lower court is attacked on the ground that it is not supported by the facts found and is erroneous, which is sufficiently made to appear from the facts set forth in the brief.

Where enough facts are stated in a complaint to constitute a cause of action, but are not alleged with sufficient particularity, the defendant's remedy is not by demurrer, but by motion to make the complaint more definite and certain.

In an action to set aside a deed, in which a tender of moneys paid on the purchase price has not been kept good, the plaintiff is not entitled to judgment for costs upon a finding in his favor, and a decree entitling him to re-conveyance on re-payment of the moneys received from defendant.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.   Decree modified.

*William Martin*, for appellant.

*Alex. R. Jones*, for respondent.

42 — 14 WASH.

The opinion of the court was delivered by

SCOTT, J.—Plaintiff brought this action to set aside a deed executed by himself to the defendant, on the ground that he had received an inadequate consideration for the land thereby conveyed, and that said deed had been procured of him by reason of false and fraudulent representations. Judgment was rendered for the plaintiff and defendant has appealed. The respondent moves to strike appellant's brief and to affirm the judgment on the grounds that the brief does not contain the findings of fact made by the lower court and because no exceptions were taken thereto, but as it appears that appellant seeks to attack the decree on the ground that it is not supported by the facts found by the lower court, and is erroneous, and as the facts are sufficiently set forth in the brief for that purpose, the motion will be denied.

An objection was made to the entry of the decree on the specific ground now urged. The testimony was not brought here, and the findings of fact are not otherwise questioned than as indicated. A demurrer was interposed to the complaint, however, upon the ground that it did not state facts sufficient to constitute a cause of action, but we are of the opinion that this objection is not well taken, and that enough facts were stated to constitute a cause of action, although they may not have been alleged with sufficient particularity, but the appellant's remedy as against this was a motion to make the complaint more definite and certain, and not by demurrer.

The main attack is based upon the eighth finding of fact, which is as follows:

"That on or about the 2nd day of February, 1895, and prior to the commencement of this action, the plaintiff, through his attorney at law, Alex. R. Jones,

offered to pay to the defendant all sums which the defendant had paid to the plaintiff by reason of said deed, if defendant would deliver up said deed, and reconvey the property therein described to the plaintiff: but the defendant refused said offer."

It appears that appellant had paid to the respondent the sum of $300 in part payment of the purchase price of said land. Respondent's complaint contained an allegation that appellant had paid him only the sum of $100 thereon, and that previous to the commencement of said action he had tendered said sum of $100 to the appellant with interest, and in addition thereto offered to pay any and all other sums which may have been paid by appellant for taxes upon the property. The complaint contained no allegation that the tender of said amount had been kept good, and no allegation that the full amount paid by the appellant to the respondent had been tendered to him, and the court did not so find.

At the most the court found only that there had been a general offer upon the part of the respondent to pay the appellant all sums which the appellant had paid to the respondent to apply upon said purchase, and there was no finding that this tender, if it could be considered as such, had been kept good.

A decree was rendered on the 1st day of July, and it provided that respondent should have until the 1st day of August following within which to pay into the court for the use of the appellant the sum of $300 with interest thereon at eight per cent. per annum from the date of the payment by the appellant to the respondent, and that upon such payment the respondent should be entitled to a reconveyance of the property, etc., and also a judgment for the costs of the action, but if it was not so paid that the complaint should be

dismissed.   We are of the opinion that the decree was erroneous in this respect.   The appellant was entitled to receive the money back which he had paid to the respondent to apply upon the land, and the same should have been tendered to him prior to the commencement of the action and the tender kept good to entitle the respondent to the relief sought and to the costs of the action, otherwise the judgment should have been for the appellant for costs at least.   The decree will be set aside in this particular and the appellant will recover costs of this court also.   The cause will be remanded with instructions to allow the respondent sixty days from the time the remittitur goes down within which to pay the appellant's costs in both courts, in addition to said sum of three hundred dollars and interest thereon, and upon so doing, the decree setting aside the deed will be allowed to stand; otherwise it must be set aside and the action dismissed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.